[No. 23665. Department One. September 21, 1932.]

ARNOLD ROBERTS *et al., Appellants,* v. CLAYTON SPECK
*et al., Respondents.*[1]

*Clarence R. Anderson* and *J. M. Dunn,* for appellants.

*O. L. Boose* and *W. B. Bridgman,* for respondents.

HERMAN, J.—Plaintiffs, husband and wife, brought this action to recover damages resulting from an assault and battery inflicted upon plaintiff Bessie Roberts by defendants, and from the mental suffering and humiliation suffered when she was wrongfully arrested by defendants and confined in jail.

March 30, 1926, plaintiffs entered into a conditional sales contract with defendant Clayton Speck, whereby they undertook to buy an automobile for a total purchase price of one thousand dollars, of which $350 was paid as an initial payment, the balance of $650 to be paid according to the terms of the conditional sales agreement. Plaintiffs failed to make subsequent payments, as provided by the agreement, and on June 3,

[1]Reported in 14 P. (2d) 33.

1930, defendant Speck claimed the right to repossess the automobile and undertook to do so.

Plaintiff Bessie Roberts, who could not drive the automobile, was occupying the car on one of the streets of Sunnyside, Washington, awaiting the return of her husband. Mr. Speck told Mrs. Roberts he was going to repossess the car, whereupon he, accompanied by a helper, entered the automobile without the consent and in spite of the protest of Mrs. Roberts. The helper drove the automobile to the place of business of defendant Speck, where the car was parked. Mrs. Roberts refused to surrender possession of the automobile, and, in spite of numerous requests from defendant Speck, she refused to leave the car.

At the close of the business day, defendant Speck enlisted the aid of defendant Tate, then chief of police of Sunnyside, and defendant Runyan, a member of the Sunnyside police force. According to testimony offered on behalf of plaintiffs, defendants Tate and Runyan, acting under the direction of defendant Speck, forcibly dragged plaintiff Bessie Roberts out of the automobile, knocked her down, injured her and finally threw her out of the garage belonging to defendant Speck, placed her in another automobile and drove her to jail, where she was locked in a cell.

Defendants offered testimony to prove that only such force as was reasonably necessary was used to remove her from the automobile, that she became so enraged at her removal as to be temporarily unsafe to be at large, that she was confined to the jail for the purpose of holding her until they could communicate with her husband, Arnold Roberts, and that she was put in his keeping after having been detained in the city jail for only eighteen minutes.

The case was tried to a jury, and a verdict was re-

turned for defendants. Judgment was entered upon the verdict, and plaintiffs have appealed.

The court gave, among others, the following instructions:

"No. 6. You are instructed that if you find from a fair preponderance of the evidence that Clayton Speck had a right to the possession of the car in question, and if you further find from a preponderance of the evidence that the plaintiff Bessie Roberts refused to leave said car and leave the garage of said Clayton Speck upon request, then you are instructed that the said Clayton Speck, his agents or employees, had the right to use such force as was reasonably necessary for the purpose of expelling the said Bessie Roberts from said car and garage."

"No. 7. If you find from a fair preponderance of the evidence that the defendant Clayton Speck, his agents, or employees, ejected the plaintiff Bessie Roberts from the garage of the said Clayton Speck, and was justified, under the instructions given you by the court, to use reasonable force to accomplish said purpose, and if you further find that the force used by the said Clayton Speck, his agents or employees, was greater than was required to accomplish such purpose and that the plaintiff Bessie Roberts suffered injuries because of the use of such greater force, then the plaintiff, if she is entitled to recover at all, is not entitled to recover for any injuries she may have sustained, but only such injuries as may have been due to the use of excessive force, if there was such, in removing her from said garage."

The giving of the instructions above set forth was duly excepted to, and is here assigned as error.

In *McClellan v. Gaston*, 18 Wash. 472, 51 Pac. 1062, the court said:

"Because a party to a contract violates his contract and refuses to do what he agreed to do, is no reason why the other party to the contract should compel the performance of the contract by force. The adoption of such a rule would lead to a breach of the peace, and it

is never the policy of the law to encourage a breach of the peace. The right to an enforcement of this part of the contract must, in the absence of a consent on the part of the mortgagor, be enforced by due process of law the same as any other contract.''

Further in the same decision, the court quoted from Jones on Chattel Mortgages (4th ed.), § 705:

''The mortgagee becomes a trespasser by going upon the premises of the mortgagor, accompanied by a deputy sheriff who has no legal process, but claims to act *colore officii,* and taking possession without the active resistance of the mortgagor. To obtain possession under such a show and pretence of authority is to trifle with the obedience of citizens to the law and its officers.''

The reason for the rule requiring a person to resort to process of law in undertaking to acquire possession of property to which he is entitled by virtue of a contract with the person in possession, when such party refuses to peaceably surrender it, is the same whether the possession be acquired by virtue of the terms of a chattel mortgage or a conditional bill of sale. The law does not encourage people to resort to a breach of the peace, nor does it encourage officers of the law to deprive any person of the possession of property, when such officers are without legal process. The instructions numbered 6 and 7 were prejudicial to plaintiffs, and the court erred in giving them.

For the reason herein set forth, the judgment appealed from will be reversed, with instructions to grant a new trial.

We have examined the other assignments of error and find them to be without merit.

Reversed.

TOLMAN, C. J., PARKER, MITCHELL, and STEINERT, JJ., concur.