588 P.2d 863

**Allen WALKER and Jacque Walker, husband and wife, d/b/a Chino Trading Company, Appellants Cross-Appellees,**

**v.**

**Bruce O. WALTHALL and Rebecca Walthall, husband and wife, Appellees Cross-Appellants.**

No. 1 CA–CIV 3878.

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 18, 1978.

Jensen & Sult by Christopher Jensen, Prescott, for appellants.

Law Offices of Charles Anthony Shaw by Charles Anthony Shaw and Harry M. Lane, Jr., Prescott, for appellees.

## OPINION

NELSON, Judge.

This is an appeal from a trial court order granting a summary judgment which affirmed the action of a creditor implementing a self-help repossession under A.R.S. § 44–3149.

The facts are essentially undisputed. Bruce Walthall, appellee-cross appellant (Walthall), purchased a 1971 Buick automobile from Allen Walker, appellant-cross appellee (Walker) on May 14, 1976 by paying a portion of the cost as down payment and agreeing to pay the balance in monthly

installments. The parties executed an Installment Sales Security Agreement which provided that the car was Walker's security for the remainder of the car payments. One of the provisions of the agreement required that Walthall maintain insurance on the vehicle "in such amounts, against such risks and with such companies as shall be satisfactory to seller, with loss payable to seller and all policies delivered to seller."

The security agreement further gave the secured party the right to terminate the contract and:

> "3. (c) With or without legal process, take possession of said property together with all additional equipment and accessories, where ever the same may be found, using all necessary force to do so, and hold the same. . . . ."

The Walthalls obtained a binder for automobile insurance to begin on May 14, 1976. On July 29, 1976, the insurance company sent a letter to the Walthalls informing them that their insurance had been declined and that other arrangements would have to be made. The insurance company also notified Walker that there was no insurance covering the car. When Walker discovered that Walthall had no current insurance coverage on the vehicle, and therefore had defaulted on one of the terms of the Installment Sales Security Agreement, Walker sought repossession. He obtained the assistance of a deputy sheriff to accompany him to the Walthall home. The deputy, in full uniform, and Walker went to the Walthall home and ultimately obtained Walthall's consent to take possession of the vehicle. The Walthalls subsequently sued the Walkers for unlawful repossession, and the trial court granted the Walkers summary judgment on that action, finding no unlawful repossession. The Walkers were, however, denied their costs of suit and attorney's fees. They brought this appeal to obtain their costs and attorney's fees and the Walthalls have cross-appealed, claiming the summary judgment was improperly granted because the repossession was unlawful. Since we find that the summary judgment granted on the repossession was improper, we need not reach the issue of costs and attorney's fees.

The primary question raised by this appeal is whether the presence of the deputy sheriff in full uniform in this A.R.S. § 44–3149 self-help repossession removed the repossession from the parameters of the statute. We believe that under the facts presented here, it did.

A.R.S. § 44–3149 provides:

> "§ 44–3149. Secured party's right to take possession after default

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under § 44–3150. Added Laws 1967, Ch. 3, § 5."

Under the Arizona Commercial Code, a secured creditor has the right to use self-help repossession if, and only if, it can be done without a breach of the peace. If that is not possible, the creditor must proceed with judicial action. Uniform Commercial Code and pre-Code cases have extensively analyzed the term "breach of the peace." See J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, § 26–6 (1972) and cases cited therein. Generally, however, the facts of each individual case must be evaluated to determine if a breach of the peace has occurred. The two primary guidelines for this inquiry are: (1) whether there was entry by the creditor upon the debtor's premises; and (2) whether the debtor or one acting on his behalf consented to entry and repossession. White & Summers, *supra* § 26–6 at 967.

The facts of the case before us indicate that the deputy sheriff accompanied Walk-

er to the Walthall home and that to some extent, the officer's mere presence contributed to Walthall's decision to relinquish possession of the car:

"Q. What was going on in your mind at this point?

WALTHALL: I just wanted to find out what the problem was. I had no intentions of giving up any car or anything else, but you know, I—you know, what could I do? I didn't know what to do when there was a Sheriff's deputy standing there and my wife—I wouldn't want to get into an argument or fight or anything else with those people standing around.

Q. Did you think that if you resisted you would have been in a fight?

A. Um hmmm.

    \*    \*    \*    \*    \*    \*

Q. Bruce, at the time of this repossession with the Sheriff's deputy present and the other people, did you think you had any other course of action than to turn the car over to him at that point?

A. No."

While in this situation the deputy did not take an active role in the repossession, a very similar repossession was effectuated in *Stone Machinery Company v. Kessler*, 1 Wash.App. 750, 463 P.2d 651 (1970). There, an officer accompanied the secured party to repossess a tractor. The sheriff said "we come over to pick up this tractor." The debtor then said "I told him I was resisting this; there was an action started and I wanted to have a few days to get money together to pay them off." 463 P.2d at 654. The Washington Court of Appeals there indicated that the debtor had the right to resist this repossession and, had he done so, the sheriff and the creditor would have had to retreat. They noted, however, that:

". . . confronted by the sheriff, who announced his intention to participate in the repossession, it was not necessary for Kessler to either threaten violence or offer physical resistance. As stated by the court in *Roberts v. Speck*, 169 Wash. 613, at 616, 14 P.2d 33 at 34 (1932), citing from Jones on Chattel Mortgages (4th ed.) § 705:

'The mortgagee becomes a trespasser by going upon the premises of the mortgagor, accompanied by a deputy sheriff who has no legal process, but claims to act *colore officii*, and taking possession without the active resistance of the mortgagor. To obtain possession under such a show and pretence of authority is to trifle with the obedience of citizens to the law and its officers.' " 463 P.2d at 654.

There, as here, the creditor contended that his sole purpose in having the sheriff present was to prevent *anticipated violence*. The court countered this argument as follows:

"The effect, however, was to prevent the defendant Kessler from exercising his right to resist by all lawful and reasonable means a nonjudicial take-over. To put the stamp of approval upon this method of repossession would be to completely circumvent the purpose and intent of the statute.

We hold there is substantial evidence to support the trial court's finding that the unauthorized actions of the sheriff in aid of the plaintiff amounted to constructive force, intimidation and oppression constituting a breach of the peace and conversion of the defendant's tractor." 463 P.2d at 655.

In the instant action we believe the presence of the deputy sheriff and its accompanying intimidation is the same kind of conduct condemned by the Washington court, *supra*. The fact that the deputy did not say anything is not significant. Nor is it required that the possessor (Walthall here) actually indicate resistance, either verbally or physically to the uniformed and armed officer.

Such a result, if left standing, would set a precedent by involving local law enforcement in self-help repossessions, and would create the very volatile situations the statute was designed to prevent. There have been many cases challenging § 9–503 of the Uniform Commercial Code (A.R.S. § 44–

**124**

3149), contending that the passage of this provision by legislatures constituted "state action", thereby invoking the due process notice and hearing protections of the Fourteenth Amendment to the United States Constitution. The Code provision has withstood these attacks, with courts finding that the mere passage of these self-help statutes is an insufficient manifestation of state action to invoke the Fourteenth Amendment. *See Benschoter v. First National Bank of Lawrence,* 218 Kan. 144, 542 P.2d 1042 (1975) and the list of cases cited therein; *Northside Motors of Florida, Inc. v. Brinkley,* 282 So.2d 617 (Fla.1973); R. Catz and E. Robinson, Due Process and Creditor's Remedies: From *Sniadach* and *Fuentes* to *Mitchell, North Georgia* and Beyond, 28 Rutgers Law Review 541 (1975). However, the court in *Benschoter* noted that:

"The courts have never attempted the impossible task of formulating an infallible test for determining whether the state in any of its manifestations has become significantly involved in private conduct. (*Reitman v. Mulkey,* 387 U.S. 369, 378, 87 S.Ct. 1627, 18 L.Ed.2d 830). Only by sifting facts and weighing circumstances on a case-by-case basis can a *non-obvious involvement of the state in private conduct be attributed its true significance.* (*Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722, 81 S.Ct. 856, 6 L.Ed.2d 45; and *Reitman v. Mulkey, supra,* 387 U.S. at 378, 87 S.Ct. 1627.) 542 P.2d at 1046. (Emphasis added)

The Kansas Supreme Court further explained the absence of state-action in the self-help repossession remedy by stating:

"Here no state official, be he judge, clerk of the court or *police officer,* is involved in the prejudgment self-help repossession of the collateral. As such no state action is present." 542 P.2d at 1048. (Emphasis added)

■ We believe, therefore, that the introduction of law enforcement officers into the area of self-help repossession, regardless of their degree of participation or non-participation in the actual events, would constitute state action, thereby invalidating a re-

possession without a proper notice and hearing.

The summary judgment entered in this cause is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

WREN, P. J., concurring.

EUBANK, Judge, dissenting.

I dissent from that portion of the majority Opinion which holds that the mere presence of a deputy sheriff at an A.R.S. § 44–3149 repossession constitutes a breach of the peace and invalidates the repossession. Under our scheme of state government, the sheriff or his deputy is the representative of the "peace."

The sheriff is a county officer, A.R.S. § 11–401, authorized to appoint deputies with authority to act on the sheriff's behalf. A.R.S. § 11–409. *Cf. State v. Ovens,* 4 Ariz.App. 591, 422 P.2d 719 (1967). Both the sheriff and his deputies are peace officers, as defined by the legislature in A.R.S. § 1–215(23). The duties of a sheriff are set forth in A.R.S. § 11–441. In part, § 11–441A(1)(3) provides that the sheriff shall "Preserve the peace," "Arrest and take before the nearest magistrate for examination all persons who attempt to commit or who have committed a public offense," and "Prevent and suppress all affrays, breaches of the peace, riots and insurrections which may come to the knowledge of the sheriff." The latter duty is, in part, preventive—for it requires that the sheriff act when he has knowledge that a breach of the peace may occur. Finally, public officers are presumed to perform their duties. Udall, *Arizona Law of Evidence,* § 194 (1960).

Here it is uncontested that the deputy accompanied Walker because Walker anticipated a possible breach of the peace. The deputy took no part, whatsoever, in the discussions between Walker and Walthall but he was present and in uniform. Under the law, he did not represent either party— he represented the State of Arizona, Yavapai County and the sheriff as a peace officer. His duty under the law was to keep

the peace, and the record shows that he was successful in performing his duty.

The subjective thoughts of Walthall regarding the presence of the deputy add nothing to the event, since, objectively, he voluntarily gave up possession of the automobile, without objection, in full compliance with the provisions of his contract with Walker. The distinguishing feature between this matter and *Stone Machinery Company v. Kessler*, 1 Wash.App. 750, 463 P.2d 651 (1970), relied on in the majority Opinion, is the type and amount of participation in the repossession event by the peace officer. In *Stone Machinery* the sheriff actually conducted the repossession act and personally took possession of the collateral without judicial process or other official standing. Further, the cases cited and relied on by the court in *Stone Machinery* were all cases of the same type: the sheriff or deputy was actively and personally involved in the repossession without judicial process. Such is not the case here. Here the deputy was present in his capacity as a peace officer, and he took no part, whatsoever, in the repossession negotiations between Walker and Walthall.

It is my opinion that the deputy sheriff was performing his peacekeeping duties, required by A.R.S. § 11–441, when he was present at the repossession, and his mere presence at the event is not, under our law, a breach of the peace negating an otherwise valid A.R.S. § 44–3149 repossession.