JACQUELINE DIXON, Plaintiff-Appellant, *v.* FORD MOTOR CREDIT CORP., Defendant-Appellee.

First District (2nd Division)  No. 78-1238

Opinion filed June 5, 1979.

Joseph Burden, of Cook County Legal Assistance Foundation, Inc., of Maywood, for appellant.

Aaron J. Kramer and Robert K. Blain, both of Chicago (Schiff, Hardin & Waite, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Jacqueline Dixon, appeals from two orders by the circuit court of Cook County dismissing her fourth amended complaint, which

sought damages from various defendants, including Ford Motor Credit Company (Ford), for the allegedly wrongful repossession of plaintiff's automobile. Having entered into a settlement agreement which resulted in the dismissal of the other defendants, plaintiff appeals only from the dismissal as to Ford. The pertinent facts follow.

In 1973, plaintiff and her husband entered into a retail installment sales contract with Courtesy Ford Automotive Sales, Inc., for the purchase of a new Ford automobile. This contract was assigned to Ford. Subsequently, plaintiff defaulted in her payments under the contract with Ford. Thereafter, two attempts were made to repossess the automobile. The success of the second endeavor prompted plaintiff to commence litigation in the circuit court of Cook County.

On January 2, 1975, plaintiff filed a verified complaint against Ford, alleging the following: on November 12, 1974, plaintiff owned and was in possession of a 1973 Ford automobile, the value of which was $2800; at approximately 5 p.m. on November 12, 1974, Ford, by its agents, wrongfully attempted to take the automobile from plaintiff's home at 3408 Magnolia, Markham, Illinois; plaintiff refused to relinquish the automobile, but Ford's agents disregarded these protests and hitched the automobile to a tow truck; plaintiff then got into the hitched vehicle and refused to move; Ford's agents nevertheless towed the car for 15 blocks until stopped by the Markham police, who ordered them to release plaintiff and the automobile, which they did; between November 12 and November 25, 1974, Ford was notified that plaintiff would not voluntarily relinquish the automobile; despite plaintiff's warnings and protests, on November 25, 1974, Ford's agents again came to repossess the automobile; plaintiff did not interfere because she felt that further protests would cause another breach of the peace; section 9—503 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—503) permits nonjudicial repossession only if it can be accomplished without a breach of the peace; plaintiff was wrongfully deprived of her property, sustaining loss in the amount of $2800; and in count I she seeks that amount in damages plus $5000 in punitive damages. In count II of her complaint, plaintiff alleged that due to the disposition of the automobile by Ford, she was entitled to $1,449.98 pursuant to section 9—507(1) (Ill. Rev. Stat. 1977, ch. 26, par. 9—507(1)).

Ford filed an answer, denying or demanding strict proof of most of the allegations contained in the complaint. Plaintiff then filed her first amended complaint. This complaint, which was also verified, named James Early, Emil Van Rossen, Nick Simon, and Walter Zielinski as defendants in addition to Ford. These individuals were alleged to be the agents, servants, or employees of Ford. The remainder of the amended complaint essentially repeated the allegations of the original complaint.

Defendant Van Rossen filed an answer denying all material allegations, stating that he was an agent at all times under the supervision and control of Reliable Repossession Service, Inc., and requesting that, as to him, the cause be dismissed.

Plaintiff then filed a second amended complaint adding Reliable Charge Plate and Repossession Systems, Inc. (Reliable), as a defendant. Otherwise the second amended complaint was essentially no different from plaintiff's two prior complaints, except for the fact that it was not verified. Ford filed a motion to dismiss the second amended complaint, supported by affidavits by officers of Ford and Reliable containing facts tending to negate the existence of an agency relationship between the two.

The motion to dismiss was apparently granted, but with leave to amend, for plaintiff filed a third amended complaint, which, like the second, was unverified. This complaint differed from prior complaints in that it couched its allegations in three counts, but its chief departure was that plaintiff's attorney now alleged that "[p]laintiff protested the [second] repossession, but did not intervene for fear that her safety would be endangered."

Ford then moved to dismiss the third amended complaint, but prior to any ruling on Ford's motion, plaintiff filed a motion for summary judgment as to liability under the third amended complaint. In support of the motion, plaintiff submitted *inter alia* her own affidavit and the deposition of defendant Van Rossen, a Reliable employee who was on the scene during both repossession attempts. In her affidavit, plaintiff stated that she orally and physically protested the first repossession on November 12, 1974, essentially as alleged in all prior complaints. However, as to the second, successful repossession, plaintiff averred:

> "19. On November 25, 1974, I did not orally object to the tow truck operators nor get in my car, because I feared a repetition of what had happened on November 12, 1974.
>
> 20. On November 25, 1974, I did not object to the towing and get into the car, because I was fearful for my safety."

In the deposition of defendant Van Rossen submitted by plaintiff, Van Rossen stated that plaintiff did not even appear on the scene of the second repossession, nor did anyone else appear or object to the repossession.

Plaintiff's motion for partial summary judgment was ultimately denied. However, in the meantime the court granted Ford's motion to dismiss the third amended complaint as to Ford. Although the motion does not appear in the record, the order of dismissal recites that Ford had filed affidavits establishing that there was no agency relationship between Ford and the other defendants, but no counteraffidavits had been filed on behalf of plaintiff. Noting that plaintiff's complaint only alleged that Ford

acted through its agents, and finding that the other defendants were not Ford's agents, the court struck and dismissed the portions of the complaint relating to Ford. The court then gave plaintiff leave to file a fourth amended complaint.

Plaintiff did file a fourth amended complaint, the dismissal of which she is now appealing. This complaint, which was also unverified, differed from prior complaints in that it set forth in somewhat more detail the notice given Ford between November 12 and November 25, 1974, that plaintiff would not voluntarily relinquish her automobile. Plaintiff now explicitly alleged that in spite of this notice, Ford requested that Reliable repossess the automobile. The fourth amended complaint alleged that "[p]laintiff protested the [second] repossession but did not intervene for fear that her safety would be endangered."

Ford moved to dismiss the fourth amended complaint, which motion does appear in the record. The motion, which states that it was being made pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), recites the facts relating to the dismissal of plaintiff's third amended complaint as to Ford on the basis of the court's finding that the other defendants were not agents of Ford at any time relevant to the lawsuit. Noting that the only additional allegation as to Ford in the fourth amended complaint was that Ford requested Reliable to make the second repossession, the motion contended that the complaint was substantially insufficient in law and failed to state a cause of action against Ford, whereupon Ford requested that the fourth amended complaint be dismissed with prejudice as to it.

In its order granting Ford's motion, the trial court did not refer to the reason advanced by Ford in support of its motion. Rather, the court found that the second repossession did not constitute a breach of peace and ordered that all allegations regarding the second repossession be stricken as to all defendants, but to the extent consistent with the above, the motion to dismiss of Reliable was denied. After plaintiff entered into a settlement agreement with defendants Van Rossen, Early, and Reliable, the court later dismissed plaintiff's action as to them. As we have noted, plaintiff appeals only from the dismissal as to Ford.

■■ The gist of plaintiff's action is that Ford, through its agents, wrongfully deprived plaintiff of her property in that the repossession on November 25, 1974, was conducted in violation of section 9—503 of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 9—503). The first paragraph of that section provides:

> "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process *if this can be done*

> *without breach of the peace* or may proceed by action." (Emphasis added.)

The trial court dismissed plaintiff's action on the twin grounds that (1) there was no agency relationship between Ford and the repossessors and (2) there was no breach of the peace. Plaintiff contends that this was error because a motion to dismiss pursuant to section 45 (Ill. Rev. Stat. 1977, ch. 110, par. 45) admits as true all well-pleaded facts and addresses itself solely to the sufficiency of the complaint. (*E.g., Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.) Since neither ground for dismissal appears affirmatively on the face of plaintiff's complaint, the trial court must have had reference to facts outside the complaint, such as facts appearing in affidavits, which may not be considered on a section 45 motion. *E.g., Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171.

Ford concedes the applicability of these principles to a section 45 motion to dismiss. However, Ford contends that although its last motion was nominally a section 45 motion, the trial court could and did consider that motion, along with Ford's prior motions, as motions to dismiss pursuant to section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 48.) Section 48(1) provides in part:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for further appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> * * *
>
> (i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

Under this section, Ford asserts, the trial court could properly go beyond the face of the complaint and consider the parties' affidavits in finding that there was no agency relationship and no breach of the peace.

■■ The parties' contentions raise once again the recurring question of the relationship between motions to dismiss under sections 45 and 48. (See generally, *e.g., Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 373 N.E.2d 645; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799; *Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970, 289 N.E.2d 27; Laycock, *Dispositive Pre-Trial Motions in Illinois—Sections 45, 48 and 57 of the Civil Practice Act*, 9 Loy. Chi. L. J. 823 (1978) (hereinafter Laycock).) Perhaps the most troublesome area of this inquiry concerns the proper scope of section 48(1)(i), quoted above; that is, in the context of the case at bar, whether section 48(1)(i) is

broad enough to encompass defenses such as the nonexistence of an agency relationship, the first basis for the trial court's dismissal of plaintiff's action. (Compare *Kinney v. Continental Assurance Co.* (1976), 42 Ill. App. 3d 263, 356 N.E.2d 131 (absence of employment relationship or of action within scope of employment properly raised under section 48(1)(i)) with *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, 369 N.E.2d 365 (facts negating existence of breach of duty and traversing ultimate facts alleged in complaint could not be raised under section 48(1)(i)); see also *Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 373 N.E.2d 645 (affidavit insufficient to establish that lease was superseded); *Meeker v. Webner* (1977), 51 Ill. App. 3d 716, 366 N.E.2d 539 (whether transaction was a lease or a sale was properly considered under section); *Millan v. Seibt* (1977), 49 Ill. App. 3d 506, 364 N.E.2d 521 (whether a contract existed was a proper question).) Ford points out that in the instant case, the question of the existence of an agency relationship was decided on the dismissal of plaintiff's third amended complaint, and not the fourth, which is the dismissal plaintiff is appealing. However, even if the issue is properly before us, we need not decide it, for whether or not there was an agency relationship, we believe that plaintiff's action was properly dismissed on the second basis advanced by the trial court, that there was no breach of the peace.

■■ In her fourth amended complaint, which was not verified, plaintiff alleged that she protested the November 25, 1974, repossession. When a creditor repossesses in disregard of the debtor's unequivocal oral protest, the repossession may be found to be in breach of the peace. (White & Summers, Uniform Commercial Code §26—6, at 972 (precedent collected in n.62); see generally Annot., 99 A.L.R. 2d 358 (1965).) However, in her prior verified complaints, plaintiff alleged that she "did not interfere with the [November 25, 1974] repossession, because she felt further protests would cause another breach of the peace." Moreover, in the deposition of Reliable employee Van Rossen that plaintiff submitted in support of her motion for partial summary judgment, Van Rossen swore that plaintiff did not protest or even appear on the scene of the second repossession. Most important, in her own affidavit, also submitted in support of her summary judgment motion, plaintiff twice unequivocally averred that she did not object to the repossession on November 25, 1974.

■ Obviously, if Ford's motion to dismiss were construed as a section 48 motion, the court could consider all this matter beyond the face of the complaint and find that it defeats plaintiff's cause of action. (Ill. Rev. Stat. 1977, ch. 110, par. 48(1); *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559.) However, even if Ford's motion to dismiss were construed as having been brought pursuant to section 45, plaintiff's prior sworn statements could nevertheless be considered, since they constitute

binding judicial admissions, negating the possibility that plaintiff could prove that a protest and resulting breach of the peace occurred, and thereby negating the existence of a cause of action. (See *Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 307 N.E.2d 749; *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 269 N.E.2d 340.) For the same reason, the fact that Ford failed to specify this particular ground for dismissal in its motion to dismiss, which would ordinarily be fatal to a section 45 motion as a denial of plaintiff's opportunity to amend (see, *e.g., Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 556, 309 N.E.2d 550), has no significance here. Being bound by her sworn admissions, it is apparent that no amount of amendment by plaintiff could cure the insufficiency of her complaint. *Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 671, 307 N.E.2d 749.

We note that consideration of a plaintiff's prior binding admissions on a section 45 motion to dismiss has been criticized. (Laycock, 9 Loy. Chi. L.J. 823, 832.) Yet the same commentator concedes that the same matter would almost certainly support a successful motion for summary judgment on remand were we to reverse the dismissal. (Laycock, 9 Loy. Chi. L.J. 823, 832-33.) In the interest of judicial economy, and noting that plaintiff has had four opportunities to amend her complaint, we believe that the action is better laid to rest here.

We note that all these difficulties could probably have been obviated if Ford had simply filed a motion for summary judgment, rather than a motion to dismiss. In *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, Justice Schaefer gave an exasperated lecture with which, of course, we are in accord, on the hopefully defunct practice of filing hybrid motions "to dismiss and [or] for summary judgment." (57 Ill. 2d 398, 405, 312 N.E.2d 605.) Absent from his discussion was any explicit mention of section 48. Yet, perhaps it is the existence of this hybrid motion, with all its conceptual difficulties and pitfalls, that is at fault far more than the litigants who justifiably seek to use it to advance their cause. See Laycock, 9 Loy. Chi. L.J. 823, 823-25, 851-54, 859-62.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's fourth amended complaint as to Ford is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.