WILLIE EVERETT, JR. v. U. S. LIFE CREDIT CORPORATION

No. 8414DC666

(Filed 2 April 1985)

**Uniform Commercial Code § 45— secured transaction—repossession of collateral— redemption of collateral by debtor—repossession expenses—absence of notice of repossession**

> A secured party who repossessed the collateral without judicial process upon default of the debtor may legally require the debtor, upon redemption of the collateral, to pay reasonable expenses incurred in retaking the collateral even though the secured party gave no notice of intention to repossess. G.S. 25-9-503; G.S. 25-9-506.

APPEAL by defendant from *Galloway, Judge.* Judgment entered 14 March 1984 in District Court, DURHAM County. Heard in the Court of Appeals 5 March 1985.

*No brief filed for plaintiff appellee.*

*J. Randolph Ward for defendant appellant.*

MARTIN, Judge.

The sole question for our determination is whether a secured party, entitled to possession of collateral upon default by the debtor, may legally require the debtor, upon redemption of the collateral, to pay reasonable expenses incurred in retaking the collateral even though the secured party gave no notice of intention to repossess. We conclude that, because no such notice is required prior to repossession, the absence of notice does not preclude the secured party from recovering these expenses.

On 3 December 1981, plaintiff obtained a loan from defendant, granting defendant a security interest in a 1970 Volkswagen automobile as security. Plaintiff defaulted in repayment of the loan, and on 28 August 1982, defendant employed American Lender's Company to effect a repossession of the automobile. The "self-help repossession" was accomplished during the night and without any notice to plaintiff. Defendant incurred expenses of $267.90 in retaking and storing the automobile. On 9 September 1982 plaintiff sought to redeem the automobile and was charged the remaining principal balance, accrued interest, and the expenses incurred by defendant for the repossession. Plaintiff made the payment and then instituted this action to recover the amount which had been charged for repossession expenses. The district court held that because the plaintiff had been given no notice of defendant's intention to repossess the automobile, and thus no opportunity to voluntarily surrender it and avoid the expenses incurred by defendant in retaking the collateral, defendant was not entitled to charge the repossession costs to plaintiff upon redemption.

G.S. 25-9-503 provides in part:

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed *without judicial process*

if this can be done without breach of the peace or may proceed by action. [Emphasis supplied.]

The statute expressly provides for a peaceable "self-help repossession," and contains no requirement that notice be given the debtor before repossession is accomplished. Other jurisdictions have held that, in the absence of an agreement to the contrary, no prior notice of peaceable repossession is required by section 9-503 of the Uniform Commercial Code. *See Day v. Schenectady Discount Corp.*, 125 Ariz. 564, 611 P. 2d 568 (1980); *Fulton National Bank v. Horn*, 239 Ga. 648, 238 S.E. 2d 358 (1977); 69 Am. Jur. 2d *Secured Transactions* § 598, p. 495; 79 C.J.S. Supp. *Secured Transactions* § 105(b), p. 122. Of course, if there is confrontation at the time of the attempted repossession, the secured party must cease the attempted repossession and proceed by court action in order to avoid a "breach of the peace."

G.S. 25-9-506 provides that the debtor may redeem the repossessed collateral "by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition . . . ." The right of the secured party to recover these expenses is neither expressly nor impliedly conditioned upon the debtor having been given any notice or opportunity to voluntarily surrender the collateral.

The judgment of the trial court is therefore

Reversed.

Judges WEBB and PHILLIPS concur.