755 P.2d 598

**Laura WAISNER, Petitioner,**

v.

**Larry JONES, Otero Federal Credit Union and Credit Union One, Respondents.**

**No. 17503.**

Supreme Court of New Mexico.

June 7, 1988.

S. Thomas Overstreet, P.C., Alamogordo, for petitioner.

Wilson, Rank and Selph, Frank K. Wilson, Alamogordo, for respondents.

## OPINION

RANSOM, Justice.

We granted certiorari to consider constitutional limitations on self-help repossession under the Uniform Commercial Code, specifically NMSA 1978, Section 55–9–503 (Repl.Pamp.1987). Section 55–9–503 in pertinent part provides that "[u]nless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace * * *." At issue is whether the introduction of law enforcement personnel into a self-help repossession transcends the permissible extrajudicial remedy contemplated under that section.

In June 1982, Laura Waisner and Credit Union One (creditor) executed a security agreement for Waisner's purchase of a 1979 pickup truck. Waisner made payments on the truck through December 1982. In late March 1983, the creditor hired Larry Jones (repossessor) to repossess the pickup truck and employed Otero

Federal Credit Union (Otero Federal) to store and possibly sell the vehicle on behalf of the creditor.

The repossessor went to Waisner's place of employment at Holloman Air Force Base (Holloman AFB). In accordance with base policy, the repossessor was accompanied by a Holloman security police sergeant who was armed and in uniform. The sergeant informed Waisner that "we have to take the truck" or words to that effect. According to the sergeant, the purpose of accompanying the repossessor was to insure his safety. Waisner testified, however, that she felt intimidated by the sergeant's presence and was unsure whether the sergeant would apprehend her if she refused to turn over the pickup truck. Waisner finally relinquished possession of her truck to the repossessor and the truck was stored at Otero Federal.

Waisner brought suit against the creditor, the repossessor and Otero Federal for unlawfully repossessing and retaining a motor vehicle. The district court granted a directed verdict in favor of Otero Federal and the jury returned a verdict in favor of the creditor and the repossessor.

On appeal to the court below,[1] Waisner objected to the trial court's refusal to instruct the jury that "[r]egardless of the degree of participation or non-participation by a law enforcement official, the introduction of such law enforcement officer in the area of self-help repossession constitutes wrongful repossession." The court of appeals discounted Waisner's argument, concluding that the submitted jury instructions taken as a whole sufficiently presented the applicable law and issues. We do not agree. Further, based on the undisputed facts, we find that the repossession was wrongful as a matter of law. We reverse.

Because the repossession occurred on that portion of the base allegedly under exclusive federal jurisdiction, see NMSA 1978, Section 19–2–11 (Repl.Pamp.1985),

the defendants argue that a decision concerning self-help repossession within the State of New Mexico will have no bearing upon the posture of this particular case. Defendants contend the base policy that a repossessor be accompanied by security police when executing a repossession is the controlling law. See Chischilly v. General Motors Acceptance Corp., 96 N.M. 264, 629 P.2d 340 (Ct.App.1980), rev'd on other grounds (jurisdictional situs wrongly decided), 96 N.M. 113, 628 P.2d 683 (1981) (the law of the place where the collateral is located at the time of the repossession governs any dispute involving the repossession). Defendants further maintain that it is the prerogative of the base commander to insure against breaches of the peace by instituting such a policy.

We initially address whether state law defining the limits of self-help repossession has applicability to a repossession occurring on Holloman AFB. When a state cedes exclusive jurisdiction over its territory to the federal government, the laws of the state in existence at the time of the cession continue in force until abrogated or altered by Congress. James Stewart & Co. v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596 (1940). In New Mexico, the creditor remedy of peaceably repossessing a mortgaged chattel without legal process upon default predates the federal government's 1953 acquisition of exclusive jurisdiction over the territory where sections of Holloman AFB are now situated. See NMSA 1941, § 63–509. As a consequence, self-help repossession remains a part of the body of the laws in the ceded area of Holloman AFB unless Congress has legislated otherwise. The parties did not brief the applicable federal law, if any, that would authorize an unwritten base policy, which concerns the security escort of repossessors, to override state law regulating debtor-creditor conduct. However, our disposition of this case rests on due process grounds and, consequently, we do not see a

---

1. Waisner raised eight other issues in her appeal. In her petition for certiorari, however, Waisner presented only one issue for our review. Given our disposition of the case, we will

address the issue of punitive damages as well. The remaining seven issues either have been rendered moot or have been deemed waived by petitioner.

necessity for the parties to rebrief that issue.

When either the federal or state government acts to deprive a person of property without due process of law, it acts unconstitutionally. U.S. Const. amends. V, XIV [2]; *see, e.g., Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed. 2d 349 (1969) (where the Court held that Wisconsin's prejudgment garnishment of wages procedure violated procedural due process). In *Fuentes,* the Court struck down as unconstitutional Florida's prejudgment replevin statute because the statute allowed for the seizure of a defaulting party's property pursuant to a writ summarily issued by a court clerk without affording the defaulting party prior notice and an opportunity to be heard. 407 U.S. at 73–75, 92 S.Ct. at 1990–91. The Court held that a party must be afforded procedural due process before the state can authorize its agents to seize property in possession of one person upon the application of another. 407 U.S. at 80, 92 S.Ct. at 1994. *But see Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) (where the Court held that Louisiana's writ of sequestration, although issued *ex parte* without notice to the debtor or an opportunity to be heard, was constitutional because unlike *Fuentes* the sequestration process from beginning to end was under the control of a judge, not a court functionary, and the statute included measures to minimize the risk of a wrongful taking). *See also Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.,* 795 F.2d 1344 (7th Cir.1986).

Following *Fuentes* and *Sniadach,* commentators and judges questioned whether the mere legislative authorization of self-help repossession under the Uniform Commercial Code was not similarly constitutionally defective. *See Massey–Ferguson Corp. v. Peterson,* 102 Idaho 111, 115, 626 P.2d 767, 771 (1980). In *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978), the Court addressed an analogous issue when it examined whether a warehouseman's enforcement of a lien as permitted by New York's Uniform Commercial Code was action properly attributable to the State of New York. In *Flagg Bros., Inc.,* the Court held that legislative endorsement of the code provision alone, without more, did not implicate sufficient state action so as to invoke the provisions of the due process clause of the fourteenth amendment. The "total absence of overt official involvement" plainly distinguished that case from earlier decisions imposing procedural restrictions on creditors' remedies such as *Fuentes.* 436 U.S. at 157, 98 S.Ct. at 1734. The creditor remedy in *Flagg Bros., Inc.* fell outside the strictures of due process because it was ruled to be entirely private in its execution.

■ Here, we do not have the "total absence of overt official involvement." We do not entertain any doubts that once a law enforcement officer is introduced into the actual self-help repossession and confronts the defaulting party, the purely private nature of the remedy is compromised. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970) ("The involvement of a state official * * * plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment * * * rights, whether or not the actions of the police were officially authorized, or lawful." Citations omitted.). The introduction of law enforcement personnel constitutes state action and results in an unconstitutional deprivation unless the defaulting party is afforded proper notice and an opportunity to be heard. *Walker v. Walthall,* 121 Ariz. 121, 588 P.2d 863 (Ct.App. 1978). *See also Stone Machinery Co. v. Kessler,* 1 Wash.App. 750, 463 P.2d 651 (1970); *Harris v. City of Roseburg,* 664 F.2d 1121 (9th Cir.1981); *but see Massey–Ferguson Corp. v. Peterson,* 102 Idaho 111, 626 P.2d 767 (1980) (where the court in dicta ruled that it was not wrongful for a sheriff to cut the lock securing a combine

---

**2.** "No person shall be * * * deprived of * * * property, without due process of law * * *." U.S. Const. amend. V.

"No state shall * * * deprive any person of * * * property, without due process of law * * *." U.S. Const. amend. XIV.

in order to effectuate a self-help repossession where the combine was not on the defaulting party's property, the lock did not belong to the defaulting party, and the owner of the lock observed its removal without protest).

■ Unlike the court of appeals, we find the jury instructions taken as a whole insufficient.[3] The jurors were not instructed on the wrongfulness of self-help repossession when law enforcement officers are introduced into the activity. The trial court failed to instruct the jury that in a self-help repossession a repossessor is not permitted to be assisted by law enforcement officials in order to prevent a breach of the peace. A defaulting party is within her rights to resist lawfully the attempted repossession of her chattel and to force the creditor to seek a judicial remedy. *See Dixon v. Ford Motor Credit Co.*, 72 Ill.App.3d 983, 29 Ill.Dec. 230, 391 N.E.2d 493 (1979); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348 (Ind.Ct.App.1980); *Everett v. United States Life Credit Corp.*, 74 N.C.App. 142, 327 S.E.2d 269, *modified on other grounds*, 314 N.C. 113, 332 S.E.2d 480 (1985).

■ If a law enforcement official accompanies a repossessor and confronts the defaulting party during a self-help repossession, the mere presence of the official, without more, is sufficient to chill the legitimate exercise of the defaulting party's rights. *Walker v. Walthall*, 121 Ariz. 121, 588 P.2d 863 (Ct.App.1978). More importantly, the imprimatur of the state evinced by the presence of a law enforcement official, without judicial process, removes a repossession from the ambit of Section 55–9–503 and places it among conduct pro-

scribed by either the fifth or fourteenth amendments.

The defendants argue that, if we adopt a per se rule that a wrongful self-help repossession occurs any time law enforcement personnel accompany a repossessor and confront the defaulting party, repossessions cannot occur on military installations. The defendants request that this Court consider the effect such a rule might have on the potential availability of credit to military personnel. However, even if base policy remains unchanged, repossessions following judicial process will not be precluded, only self-help repossessions.

Further, we are unpersuaded by the defendants' attempt to distinguish *Stone Machinery Co.* and *Walker*. In *Stone Machinery Co.*, the court found wrongful repossession where a sheriff accompanying a repossessor told the defaulting party that "we come over to pick up this tractor." 1 Wash.App. at 752, 463 P.2d at 654. In *Walker*, although the deputy sheriff accompanying the secured party did not actively participate in the repossession, the court concluded that the officer's mere presence contributed to the defaulting party's decision to relinquish his automobile. 121 Ariz. at 123, 588 P.2d at 865. Here, the security police sergeant informed Waisner that he and the repossessor were there to take her truck. Waisner testified that the presence of the sergeant intimidated her. There is nothing materially different in the present case to distinguish it from *Stone Machinery Co.* or *Walker*.

The defendants' authority for the proposition that the mere presence of a law enforcement officer during a repossession does not render it wrongful is distinguishable. In *United States v. Coleman*, 628

---

**3.** The applicable instructions read as follows:
Jury Instruction No. 9.
The Plaintiff * * * claims that * * * creditor and Defendant Larry Jones [repossessor] unlawfully repossessed a vehicle belonging to the Plaintiff.
Plaintiff, the debtor in the complaint, alleges the defendants' acts constituted a breach of the peace at the time of the repossession * * *.
Jury Instruction No. 16.

Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without a breach of the peace.
Jury Instruction No. 17.
A breach of the peace is a disturbance of public order by an act of violence, or by an act likely to prove violent, or which, by causing consternation and alarm, disturbs the peace and quiet of the community.

F.2d 961 (6th Cir.1980), the police officers observed the actions of the repossessor from a vantage point down the street and around the corner from the defaulting party's residence. The police officers never confronted the defaulting party because the repossessor successfully retrieved the vehicle without disturbing him. Under these circumstances, the *Coleman* court concluded that "mere acquiescence by the police to 'stand by in case of trouble' was insufficient to convert the repossession of the truck into state action." 628 F.2d at 964.

Any time a law enforcement officer accompanies a repossessor and makes his official presence known to the defaulting party at or near the attempted self-help repossession, that officer has transgressed the line of benign attendance as in *Coleman.* Here, under the undisputed facts, the repossessor accompanied by the Holloman security police sergeant transgressed that line and the repossession became wrongful as a matter of law.

■ Our disposition of the liability of the creditor and the repossessor requires that we also address the issue of punitive damages that Waisner raised in her appeal to the court below. We affirm the trial court's grant of a directed verdict against Waisner on this issue. The evidence, together with all reasonable inferences deducible therefrom, presented in the light most favorable to Waisner, *see Archuleta v. Pina,* 86 N.M. 94, 519 P.2d 1175 (1974), cannot support the reasonable conclusion that the repossession was willful, wanton, malicious, reckless, grossly negligent, fraudulent or in bad faith. *See* SCRA 1986, 13–1827. The repossessor here was not shown to have been aware that he chose the wrong method to repossess Waisner's pickup.

The jury verdict on the liability of repossessor and creditor is reversed and the case remanded to the trial court to determine Waisner's actual damages.

IT IS SO ORDERED.

· SCARBOROUGH, C.J., SOSA, Senior Justice, and WALTERS, J., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I respectfully dissent.

Pursuant to the New Mexico Uniform Commercial Code, a secured creditor has the right to use self-help repossession if it can be done without a breach of peace. NMSA 1978, § 55–9–503 (Repl.Pamp.1987). Thus, under ordinary circumstances the law of self help is permissible. A repossessor, however, may not solicit the sheriff's office to effectuate such a repossession as the majority opinion correctly points out.

The circumstances in the present case were not ordinary. The repossession occurred on a federal military base, which is under federal jurisdiction. It is the policy of the Staff Judge Advocate's office and the military installation that any person who has to repossess property on the base must first submit the proper papers to that office, and then, the repossessor must be accompanied by a security police officer to assure that there is no breach of the peace. The record indicates that Jones never solicited the military escort but merely complied with the policies set out on the base. The record further shows that Waisner was not intimidated at the time and was even allowed to make telephone calls to determine the status of the debt owed on the truck. Thereafter, she gave the keys to Jones. If Waisner had refused to turn over the keys, the military escort had no power to arrest her or order her to turn over the vehicle. He had no authority whatsoever to assist in the repossession and did not do so.

It is the solicitation of a third person that destroys the concept of self-help repossession. This did not occur in the present case. The security police officer neither encouraged nor directed Jones to repossess the truck in a particular manner. His presence at the scene was not an indispensable prerequisite for the repossession. His attendance was only in furtherance of all his official duties and base policy, and is more like passive surveillance to assure the safety of the repossessor rather than any af-

firmative participation by the police as in *Stone Machinery Co. v. Kessler*, 1 Wash. App. 750, 463 P.2d 651 (1970) and *Walker v. Walthall*, 121 Ariz. 121, 588 P.2d 863 (Ct.App.1978). In both *Stone Machinery* and *Walker* there was no policy or procedure authorizing the sheriff to accompany the repossessor.

In the instant case, Jones properly repossessed the vehicle. The security officer was performing his peacekeeping duties *re-quired by the base policy* when he was present at the repossession, and his mere presence is not a breach of the peace negating an otherwise valid repossession.

For these reasons, I dissent.