This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRUCE RUNYAN,**

Plaintiff-Appellant,

v.                                                    **NO. 31,175**

**MARCIAL VALDEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Bruce Runyan
Santa Fe, NM

for Appellant

Stiff, Keith & Garcia, LLC
Arturo Ricardo Garcia
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Plaintiff, appearing pro se, appeals the judgment entered in favor of Defendant.

We proposed to affirm the district court's decision in a calendar notice. Plaintiff has responded with a memorandum in opposition, and Defendant has responded with a memorandum in support. We have carefully considered Plaintiff's arguments, but we are not persuaded that our proposed disposition was incorrect. Therefore, we affirm.

As explained in our calendar notice, Plaintiff did not comply with Rule 12-208(D) NMRA, which requires an appellant to include in the docketing statement a concise, accurate statement of the case that summarizes all of the material facts, explains how the issues were preserved in the lower court, and provides authorities in support of and contrary to the appellant's position. In his docketing statement, and again in his memorandum in opposition, Plaintiff does not include specific details about such matters as what evidence was presented, what arguments and objections were made to the district court, or what rulings were made by the district court. For example, Plaintiff refers to a witness, but does not provide details about the testimony of the witness except to say that the witness "said the plaintiff's vehicle stopped on the wall[.]" [MIO 6] In addition, the memorandum in opposition includes many allegations regarding the bias and incompetence of the district judge, but does not indicate how the issues were preserved for appeal and provides no authority in support of his claims of error. As explained in our calendar notice, when we are presented with insufficient information to address the claims made on appeal, we presume that

2

the district court was correct. Because Plaintiff has not presented sufficient information for us to address his claim that the district court erred in refusing to find Defendant at fault for the accident in this case, we affirm.

Moreover, based on the memorandum in support of the calendar notice and the little information provided by Plaintiff, the evidence presented to the district court was sufficient to support the court's decision. Defendant was traveling on Paseo de Peralta approaching an intersection when Plaintiff was attempting to make a turn at the intersection. Plaintiff was in the intersection when Defendant struck Plaintiff's vehicle. Plaintiff testified that the light was green when he got to the intersection and was green when he was "clearing" the intersection. [MIO 3] The officer noted that Plaintiff failed to yield the right of way. [MIS 1] Although Plaintiff indicates that contrary evidence was presented, it was for the fact finder to resolve any conflicts in the evidence. *See Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33. We hold that the evidence referred to above was sufficient to support the district court's determination that Defendant was not at fault for the accident.

To the extent that Plaintiff argued that Defendant was speeding, ran a red light, was intoxicated, and could not judge speed and distance, Plaintiff presented only his own allegations in support of these claims. [MIS 2] Although Plaintiff alleges that Defendant ran a red light, the witness apparently testified that the light was yellow and

3

Plaintiff testified that the light was green when he entered and went through the intersection. In addition, although Plaintiff claims that Defendant was intoxicated, Defendant apparently testified that he had not been drinking at the time of the accident. Furthermore, even if Plaintiff presented evidence in support of his allegations, it was for the district court to weigh the credibility of witnesses and resolve any conflicts in the evidence before it. *See Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109. In this case, the district court weighed the credibility of the witnesses and resolved conflicts in the evidence in favor of Defendant.

To the extent that Plaintiff attempted to assign fault to Defendant because Defendant left the scene of the accident, Plaintiff cites to no authority that would support the proposition that leaving the scene of an accident provides proof that the absent driver was at fault for the accident. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

Finally, we note that a document was filed with this Court that appears to be an unofficial transcript of the proceedings in the district court. There is nothing to indicate that the district court or this Court was presented with a motion to supplement the record or that the parties stipulated to supplementation of the record with the

document.  *See* Rule 12-209(C) NMRA.  We point out that, "[m]atters outside the record present no issue for review." *State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990).  Therefore, we have not relied on the unofficial transcript in addressing the issues on appeal.

For the reasons discussed in this opinion and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**MICHAEL E. VIGIL, Judge**